United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Jason Michael Witman  
    Debtor

Case No. 19-14990-pmm  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: JEGilmore     Page 1 of 1     Date Rcvd: Jul 15, 2020  
                       Form ID: pdf900     Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 17, 2020.
```
db              +Jason Michael Witman,    343 Chestnut Street,    Reading, PA 19611-1311
smg             +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg             +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 16 2020 05:15:59
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 16 2020 05:16:15     U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                               TOTAL: 2
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2020                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 15, 2020 at the address(es) listed below:
```
              JOSEPH T. BAMBRICK, JR.    on behalf of Debtor Jason Michael Witman NO1JTB@juno.com
              KEVIN G. MCDONALD    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                               TOTAL: 5
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jason Michael Witman <br>     Debtor | CHAPTER 13 |
| BANK OF AMERICA, N.A. <br>     Movant <br> vs. | NO. 19-14990 PMM |
| Jason Michael Witman <br>     Debtor | |
| Scott F. Waterman, Esquire <br>     Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,548.34** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to June 2020 at $945.77/month |
| Suspense Balance: | $103.05 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,548.34** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,548.34.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,548.34** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $945.77 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 19, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: _____

Joseph T. Bambrick, Jr., Esquire
Attorney for Debtor

Date: _____

/s/ Rolando Ramos-Cardona for
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this __15th__ day of __July__, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer, Esquire